IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARK ANTHONY BROOKS, | Case No. 1:21-cv-155 |
| Petitioner | |
| v. | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| NORTHEAST REGIONAL COUNSEL, | MEMORANDUM OPINION |
| Respondent | |

I.      Introduction

Pending before the Court is the petition for a writ of habeas corpus filed by Petitioner Clark Anthony Brooks pursuant to 28 U.S.C. § 2241. ECF No. 12. For the reasons set forth below, Brooks' petition will be denied.

II.      Background

On July 1, 1994, the District of Columbia Superior Court sentenced Petitioner to a term of life imprisonment. ECF No. 17-1 ¶ 3. On February 2, 1995, the same court sentenced Petitioner to a consecutive nine-year term of imprisonment. *Id*. Petitioner is currently incarcerated at the Federal Correctional Institution (FCI) at McKean. *Id*. At the time of the underlying incident, Petitioner was assigned to cell 212 in Unit B-A and did not have a cellmate. ECF No. 17-4 at 2.

On October 6, 2020, a Special Investigative Service (SIS) agent at FCI McKean searched Petitioner's cell after he smelled smoke coming from that cell while making rounds. *Id*. The agent discovered five strips of red and black paper on the top bunk, under the mattress. *Id*. The strips were sent to SIS, processed as evidence, and sent to the Pennsylvania State Police

1

Laboratory for testing and identification. *Id*. at 6. On December 7, 2020, the SIS Support Technician received lab results at approximately 7:05 a.m. indicating that the papers tested positive for the synthetic cannabinoids MDMB-4en-PINACA and 4-fluoro MDMB-Butica, each of which is a Schedule I controlled substance. *Id*.

At 9:56 a.m. on that same date, the prison served Petitioner with incident report 3455873 charging him with possession of narcotics in violation of Code 113. ECF No. 17-4 at 2. A security officer advised Petitioner of his right to remain silent and indicated that Petitioner had affirmed that he understood his rights. *Id*. Petitioner stated that the drugs were not his and requested two witnesses: an inmate named Adam Hall and a medical professional. *Id*. The BOP then referred the incident to the Unit Discipline Committee (UDC) for further disposition. Id. at 3.

On December 8, 2020, the UDC convened for an initial hearing. *Id*. at 2. Petitioner again stated that the substance was not his and requested the assistance of a staff representative. *Id*. At the conclusion of the hearing, the UDC determined that there was sufficient evidence to move forward and referred the incident report to the Disciplinary Hearing Officer (DHO) with a recommendation that Petitioner be sanctioned with the loss of good conduct time and telephone privileges. *Id*. Petitioner requested a staff representative and inmate McGill as a witness. ECF No. 17-6.

Petitioner's disciplinary hearing before the DHO took place on January 7, 2021. ECF No. 17-8. Petitioner acknowledged that he had received a copy of the incident report, understood his rights, and that he wished to exercise his right to a staff representative. ECF No. 17-5; ECF No. 17-6. Speaking on his own behalf, Petitioner stated that he did not use drugs or smoke and that the substance found in his cell was not his. ECF No. 17-8. Petitioner's witness, inmate

2

McGill, testified that he had known Petitioner for approximately thirty years and that Petitioner didn't smoke. Finally, the staff representative presented several questions to the DHO after consulting with Petitioner. *Id*. In addition to addressing the staff representative's questions, the DHO reviewed Petitioner's statement, inmate McGill's testimony, the incident report, photo sheet, chain of custody form, evidence submission receipt from the Pennsylvania State Police Lab, lab report, unit roster, and supporting memorandum of the SIS. Based on the foregoing, the DHO concluded that the greater weight of evidence supported the conclusion that Petitioner had committed the act as charged. *Id*. at 3. After determining that Petitioner had committed the charged offense, the DHO sanctioned him with 30 days of disciplinary segregation and a loss of commissary privileges for six months. *Id*. at 5.

The instant petition for writ of habeas corpus,[1] filed pursuant to 28 U.S.C. § 2241, challenges the due process provided during the disciplinary process. Petitioner raises the following arguments: (1) the Incident Report charging him with misconduct was not delivered to him within 24 hours of the alleged misconduct, as required by BOP Program Statement 5270.09; and (2) the Regional Director's response to his misconduct appeal was not issued within 30 days, as required by BOP Program Statement 1300.18. ECF No. 12. This matter is fully briefed and ripe for disposition.

III.     Standard of review

Federal prisoners have a liberty interest in statutory good time credits. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *see also* 18 U.S.C. § 3624(b)(1). While "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due

---

[1] Under § 2241, district courts have authority to grant habeas corpus "within their respective jurisdictions." Petitioner is confined at FCI McKean, which is located within the territorial boundaries of the Western District of Pennsylvania.

3

a defendant in such proceedings does not apply," the United States Supreme Court has identified the following minimum procedural due process rights that must be afforded to a prisoner accused of misconduct in prison which may result in the loss of good time credit: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and, (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. *Wolff*, 418 U.S. at 563-67.

In reviewing a disciplinary proceeding, the Court's function is not to decide whether it would have reached the same decision, but to consider "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-57 (1985). *See also Denny v. Schultz*, 708 F.3d 140, 145 (3d Cir. 2013) ("[A] reviewing court need only find that the DHO's decision had 'some basis in fact' in order to affirm the decision as comporting with the Due Process Clause."). This review is minimal, and "[a] challenge to the weight accorded evidence is not relevant to the question of whether the decision was supported by 'some evidence' because the standard does not require 'weighing of the evidence.'" *McCarthy v. Warden Lewisburg USP*, 631 Fed. Appx. 84, 86–87 (3d Cir. 2015) (quoting *Hill*, 472 U.S. at 455). Rather, "[o]nce the reviewing court determines that there is some evidence in the record to support the finding of the hearing officer, an inmate's challenge to the weighing of the evidence must be rejected." *Cardona v. Lewisburg*, 551 Fed. Appx. 633, 637 (3d Cir. 2014).

IV.	Discussion

Each of Petitioner's grounds for relief rests on his contention that staff at FCI McKean violated his due process rights by failing to adhere to their own policies and program statements. Specifically, Petitioner contends that the Incident Report was not delivered to him within 24 hours of the alleged misconduct and the Regional Director's response to his misconduct appeal was not issued within 30 days. Neither claim warrants relief.

Initially, it is well-settled that a "prison's failure to follow its own procedures will not result in a due process violation as long as the inmate is provided with the process he is due under [*Wolff v. McDonnell*]." *Macia v. Williamson*, 219 Fed. Appx. 229, 233 (3d Cir. 2007). Petitioner has not cited any authority for the proposition that the violation of prison policies involving the timing of an incident report or misconduct appeal fall within the scope of the minimum due process rights outlined in *Wolff*. As explained above, those minimum requirements are limited to: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and, (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. *Wolff*, 418 U.S. at 563-67.

Here, the record reflects that Petitioner received written notice of the charges against him on December 7, 2020, less than 24 hours after the prison received drug testing information from the state laboratory. His hearing before the DHO took place over one month later, on January 7, 2021. Petitioner was accompanied by a staff representative and provided with an opportunity to

5

present testimony from his selected witness.[2]  He received a written decision from the DHO on January 26, 2021.  Each of these procedures complied with the due process requirements set forth in *Wolff*.

Secondly, to the extent that Petitioner's complaints amount to a challenge to the sufficiency of the evidence against him, that challenge also fails.  In reaching his decision, the DHO relied on a host of exhibits including Petitioner's statement, inmate McGill's testimony, the incident report, photo sheet, chain of custody form, evidence submission receipt from the Pennsylvania State Police Lab, lab report, unit roster, and supporting memorandum of the SIS.  These exhibits clearly amount to "some evidence" in support of the charge and, therefore, Petitioner's due process rights were not violated by the DHO's determination.  *See Donahue v. Grondolsky*, 398 Fed. Appx. 767, 772 (3d Cir. 2010) (noting that courts are not "required to re-weigh the evidence, or re-assess the credibility of [a petitioner's] defense"); *Sepulveda v. Warden Canaan USP*, 645 Fed. Appx. 115, 118 (3d Cir. 2016) (reviewing court may not independently assess the credibility of witnesses or re-weigh the evidence so long as the DHO's decision is supported by "any evidence in the record") (quoting *Hill*, 472 U.S. at 454-56).

Finally, even if Petitioner could establish that the BOP failed to comply with its own procedural safeguards, he must also "show prejudice from the agency's [alleged] failure to follow its own regulations."  *Sierra v. Scism*, 2010 WL 5553955, at *7 (M.D. Pa. Dec. 14, 2010) (collecting cases); *Patel v. Zenk*, 447 Fed. Appx. 337, 340 (3d Cir. 2011).  Petitioner has made no attempt to satisfy this requirement.  Nor, given this Court's conclusion that "some evidence" supported the narcotics violation at issue, could Petitioner do so.  *See, e.g.*, *Patel*, 447 Fed. Appx.

---

[2] In his reply, Petitioner alleges that he also intended to call another witness, John Gilbert, but was denied because Gilbert was in Covid-19 protocol.  The record contains no evidence as to the nature of Inmate Gilbert's proposed testimony.

at 340 (noting that Petitioner could not demonstrate prejudice stemming from alleged procedural violations because he did not dispute the evidence supporting the charge against him); *Jennings v. Hollingsworth*, 2016 WL 880501, at *8 (D.N.J. March 8, 2016) ("Because this Court has concluded that there is some evidence to support the Code 217 and 297 violations," Petitioner "cannot show that he suffered prejudice."). Each of his claims is without merit.

III.   Conclusion

For each of the foregoing reasons, Petitioner's petition for a writ of habeas corpus is denied.[3] An appropriate order follows.

RICHARD A. LANZILLO
Chief United States Magistrate Judge

Dated: May 16, 2023

---

[3] Because "[f]ederal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement," the Court need not make a certificate of appealability determination in this matter. *Williams v. McKean*, 2019 WL 1118057, at *5 n. 6 (W.D. Pa. Mar. 11, 2019) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012)); 28 U.S.C. § 2253(c)(1)(B).